IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REGIONS BANK, an Alabama banking corporation, as successor-in-interest to AmSouth Bank, | ) ) ) | |
| | ) | Civil Action File |
| Plaintiff, | ) | No. 1:13-CV-2220-TCB |
| | ) | |
| v. | ) | |
| | ) | |
| TOWNE POINTE, L.P. and HSI MANAGEMENT, INC., | ) ) | |
| | ) | |
| Defendants | ) | |

## SUPPLEMENTED ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS TOWNE POINTE, L.P. AND HSI MANAGEMENT, INC.

COME NOW Defendants Towne Pointe, L.P. ("Towne Pointe") and HSI Management, Inc. ("HSI" and, collectively with Towne Pointe, "Defendants") and, by way of supplementation and with leave granted by the Court, raise their affirmative defenses and answer the *Verified Complaint for Appointment of Receiver and Monetary Relief* (the "Complaint") filed in the above-captioned civil action by Plaintiff Regions Bank, an Alabama banking corporation, as successor-in-interest to AmSouth Bank ("Plaintiff"), as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff is barred from recovery by estoppel, waiver, payment, and release.

## THIRD DEFENSE

Plaintiff is barred from recovery, either in whole or in part, by its failure to properly mitigate its damages.

## FOURTH DEFENSE

Plaintiff is barred from recovery, either in whole or in part, by setoff, offset, and recoupment.

## FIFTH DEFENSE

Plaintiff is barred from recovery, either in whole or in part, by its breach of contract.

## SIXTH DEFENSE

Plaintiff is barred from any recovery by its lack of actual damages.

## SEVENTH DEFENSE

Plaintiff is not the real party in interest to bring and pursue this action.

## NINTH DEFENSE

Plaintiff is barred from recovery or any relief by virtue of its own unclean hands and inequitable conduct with respect to Defendants.

## **ANSWER**

Having raised their affirmative defenses, and without compromising or

waiving said defenses in any way or to any extent, Defendants respond to each and every paragraph of the Complaint as follows:

**Jurisdiction and Venue**

1.

Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1 of the Complaint. As a result, such allegations stand denied.

2.

Defendants admit the allegations in Paragraph 3 of the Complaint.

3.

Defendants admit the allegations in Paragraph 3 of the Complaint.

4.

Defendants admit that HSI is a "Georgia compan[y]," that Defendants are "organized under the laws of" the State of Georgia, that Defendants "have their principal place[s] of business in Atlanta, Georgia," and that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations that "[t]his Court has personal jurisdiction over each of the Defendants," that "[t]his Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332," and that "Plaintiff and

all Defendants are companies organized under the laws of differing states with their principal places of business in locations such that subject matter jurisdiction may obtain." As a result, such allegations stand denied.

## 5.

Defendants admit that "this is a judicial district in which all Defendants maintain their principal place of business" and that "the real property at issue in th[e] Complaint is located in this district." Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 5 of the Complaint. As a result, all such allegations stand denied.

## 6.

Defendants admit that, "[p]ursuant to Federal Rule of Civil Procedure 66 and 28 U.S.C. § 959, [Plaintiff] seeks the appointment of a receiver to take custody, control, management and marketing for sale of certain real property consisting of a 108 unit multi-family apartment complex commonly known as Towne Pointe – Lexington Village Apartments located at 1043 Pine Log Road, NE, Conyers, Georgia 30012 (the 'Apartment Project')," but deny that Plaintiff is entitled to such relief. Defendants admit that "[Plaintiff] therefore alleges that this Court has both personal and subject matter jurisdiction as to both the parties and the underlying real estate, and venue is proper in the United States District Court

for the Northern District of Georgia," but lack sufficient knowledge or information upon which to form a belief as to the truth or accuracy of such allegation. As a result, such allegation stands denied.

## Facts Relevant to All Counts

### 7.

Defendants admit the allegations in the first sentence of Paragraph 7 of the Complaint. Defendants deny the allegation that "[t]o secure payment of the bonds, [Plaintiff] entered into an Irrevocable Letter of Credit ('Letter of Credit') in the face amount of $4,000,000.00 in favor of the Bank of New York Trust Company of Florida, N.A., as trustee under that certain Trust Indenture dated May 1, 2002 (the 'Trust Indenture') relating to Housing Authority of Conyers, Georgia's Multifamily Housing Revenue Bonds (Towne Pointe Apartments Project) Series 2002." Defendants admit that "[a] true and correct copy of the Letter of Credit is attached" to the Complaint "as Exhibit '1'" but deny the allegations in Paragraph 7 of the Complaint to the extent that they contradict, vary, or differ in any way from the actual terms and provisions of the original of the Letter of Credit, a copy of which is attached as Exhibit "1" to the Complaint.

### 8.

Defendants admit the allegations in the first sentence of Paragraph 8 of the Complaint. Defendants admit that "true and correct copies of the Credit Agreement

and the Security Deed . . . are attached" to the Complaint "as <u>Exhibit '2'</u> and

<u>Exhibit '3'</u>" but deny the allegations in Paragraph 8 of the Complaint to the extent

that they contradict, vary, or differ in any way from the actual terms and provisions

of the original of the instruments, copies of which are attached as <u>Exhibits "2"</u> and

<u>"3"</u> to the Complaint.

9.

Defendants lack sufficient knowledge or information upon which to form a

belief as to the truth or accuracy of the allegations in the first sentence of

Paragraph 9 of the Complaint. As a result, such allegations stand denied.

Defendants lack sufficient knowledge or information upon which to form a belief

as to the truth or accuracy of the allegation that "a Notice of Default was issued by

[Plaintiff] on September 26, 2012, demanding payment of all sums due under the

Credit Documents, including, not less than $4,006,880.53 plus per diem interest of

$176.27 (the 'Indebtedness')." As a result, such allegation stands denied.

Defendants admit making no payments to Plaintiff on September 26, 2012,

but deny that "Defendants failed to timely pay all amount payable," or otherwise

due and owing, as of that date. In response to the final sentence of Paragraph 9 of

the Complaint, Defendants deny that any default has occurred, or remains uncured,

"[a]s of the date of [Plaintiff's] Complaint."

10.

Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 10 of the Complaint. As a result, such allegations stand denied.

11.

Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in the first three sentences and two legal citations in Paragraph 11 of the Complaint. As a result, such allegations stand denied.

Defendants deny that there exists any "default in payment of the Indebtedness." Defendants further deny that "it is apparent that the Apartment Project is not being properly managed."

Defendants admit retaining rents derived from the real property at issue in this litigation "without remitting payment" of such rents "to [Plaintiff]." Defendants deny that such rents were "committed . . . to [Defendants'] own use."

Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in the final two sentences and two legal citations in Paragraph 11 of the Complaint. As a result, such allegations stand denied.

12.

Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in the first sentence and first legal citation in Paragraph 12 of the Complaint. As a result, such allegations stand denied.

Defendants deny being "served with the Notice of Non-Renewal and Notice of Default." Defendants deny that "there is a likelihood that they will not adequately protect the interests of [Plaintiff] and may even cause damage to the Apartment Project under the circumstances."

Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in the final sentence and final legal citation in Paragraph 12 of the Complaint. As a result, such allegations stand denied.

13.

Defendants deny the allegations in Paragraph 13 of the Complaint.

14.

Defendants deny the allegations in Paragraph 14 of the Complaint.

15.

Defendants deny the allegations in Paragraph 15 of the Complaint.

16.

Defendants deny the allegations in Paragraph 16 of the Complaint.

<u>Count One – Appointment of Receiver</u>

17.

In response to Paragraph 17 of the Complaint, Defendants restate and incorporate by reference herein their responses to Paragraphs 1 through 16 of the Complaint, with the same force and effect as if restated herein verbatim.

18.

Defendants deny the allegations in Paragraph 18 of the Complaint.

19.

Defendants deny that they "have failed to remit rents from the 108 residential units in the Apartment Project since . . . September 26, 2012." Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegation that a "declaration of default" occurred on September 26, 2012. As a result, such allegation stands denied. Defendants deny the allegations in the final sentence of Paragraph 19 of the Complaint.

20.

Defendants admit that "[Plaintiff] requests that this Court appoint a receiver to administer and protect the Apartment Project," that "[Plaintiff] requests that any requirement for a receiver's bond be waived," and that "[Plaintiff] seeks the entry

of an order, *inter alia*, vesting the receiver with control over the Apartment Project for the reasons and purposes described [in the Complaint]." Defendants deny that Plaintiff is entitled to any such relief.

WHEREFORE, Defendants Towne Pointe, L.P. and HSI Management, Inc. demand judgment in their favor on Count One of the Complaint, and that same be dismissed, with all costs to be cast against Plaintiff.

Count Two – Monetary Relief

21.

In response to Paragraph 21 of the Complaint, Defendants restate and incorporate by reference herein their responses to Paragraphs 1 through 20 of the Complaint, with the same force and effect as if restated herein verbatim.

22.

Defendants admit that "[Plaintiff] claims judgment against the Defendant, Towne Pointe, in the principal amount of $4,006,880.53, plus per diem interest of $176.21, from September 26, 2012 and any unpaid late fees," and that "[Plaintiff] further claims interest through the date of any judgment entered by this Court, reasonable attorneys' fees and costs of Court." Defendants deny that Plaintiff is entitled to any such relief. Defendants further deny that such relief is "permitted by the Credit Documents" and that the "Indebtedness is now fully matured and remains unpaid." Defendants lack sufficient knowledge or information upon which

to form a belief as to the truth or accuracy of the allegation that Plaintiff is the "holder of the Credit Agreement." As a result, such allegation stands denied.

WHEREFORE, Defendants Towne Pointe, L.P. and HSI Management, Inc. demand judgment in their favor on Count Two of the Complaint, and that same be dismissed, with all costs to be cast against Plaintiff.

<u>Count Three – Monetary Relief</u>

23.

In response to Paragraph 23 of the Complaint, Defendants restate and incorporate by reference herein their responses to Paragraphs 1 through 22 of the Complaint, with the same force and effect as if restated herein verbatim.

24.

Defendants admit that "[Plaintiff] claims the sum of not less than $75,000, exclusive of interest and costs, from the Defendant Towne Pointe pursuant to the provisions of Section 9.13 of the Security Deed for all rents received from the Apartment Project that are not remitted to [Plaintiff] after a notice of default is issued" and that "[Plaintiff] further claims interest and reasonable attorneys' fees plus all costs of Court." Defendants deny that Plaintiff is entitled to any such relief. Defendants deny that "Towne Pointe has failed or refused to remit rents to [Plaintiff] since September 26, 2012, in an aggregate amount exceeding $75,000.00."

WHEREFORE, Defendants Towne Pointe, L.P. and HSI Management, Inc. demand judgment in their favor on Count Three of the Complaint, and that same be dismissed, with all costs to be cast against Plaintiff.

## Count Four – Monetary Relief

### 25.

In response to Paragraph 25 of the Complaint, Defendants restate and incorporate by reference herein their responses to Paragraphs 1 through 24 of the Complaint, with the same force and effect as if restated herein verbatim.

### 26.

Defendants admit the allegations in the first sentence of Paragraph 26 of the Complaint. Defendants admit that, "[o]n" or about "May 1, 2002, Towne Pointe and HSI . . . executed a Subordination Agreement, a true and correct copy of which is attached [to the Complaint] as Exhibit '4'" but deny that such agreement was made "in favor of [Plaintiff]" and deny the allegations in Paragraph 26 of the Complaint to the extent that they contradict, vary, or differ in any way from the actual terms and provisions of the original of the instrument, a copy of which is attached as Exhibit "4" to the Complaint.

Defendants admit that "because HSI . . . has provided property management services at the Apartment Project, it may be in possession of rents or deposits," but lack sufficient knowledge or information upon which to form a belief as to the

truth or accuracy of the allegation that any such rents or deposits "are subject to the assignment of rents and receivership rights granted to [Plaintiff] pursuant to the Security Deed." As a result, such allegation stands denied.

Defendants admit that "[Plaintiff] alleges that upon default, no rents or other funds have been paid to [Plaintiff] by HSI," that "[Plaintiff] further alleges that the amount in controversy as to HSI . . . exceeds $75,000.00, exclusive of interest and costs," and that "[Plaintiff] further seeks an award of interest and costs." Defendants deny these allegations and that Plaintiff is entitled to any such relief.

WHEREFORE, Defendants Towne Pointe, L.P. and HSI Management, Inc. demand judgment in their favor on Count Four of the Complaint, and that same be dismissed, with all costs to be cast against Plaintiff.

## **COUNTERCLAIM**

COME NOW Defendants and, by way of supplementation and with leave granted by the Court, and without waiving in any way the affirmative defenses and Supplemented Answer set forth above, allege and show the Court as follows:

1.

Plaintiff is subject to the jurisdiction of this Court by virtue of having brought this action, and venue is proper.

2.

Immediately after this action was filed, the parties began efforts to resolve

Plaintiff's claims by paying off the amounts allegedly due and owing pursuant to the loan upon which this action was based.

3.

Specifically, on or about August 14, 2013, counsel for Plaintiff sent counsel for Defendants a payoff letter setting forth the amounts Plaintiff claimed to be due and owing as of August 13, 2013, under the Credit Agreement sued upon and the related loan documents attached to the Verified Complaint, as follows:

| | |
|---|---|
| Principal: | $4,000,000 |
| Interest: | $157,984.98 |
| Appraisal: | $4,500.00 |
| Legal Fees and Costs: | $38,152.77 |
| **TOTAL:** | **$4,200,637.75** |

A true and correct copy of this payoff letter is attached hereto as Exhibit "A".

4.

The appraisal fee set forth in Plaintiff's first payoff letter pertained to an appraisal report that Plaintiff's counsel refused to provide to Defendants' counsel when requested in August 2013. Specifically, when requested to provide a copy, Plaintiff's counsel refused to provide a copy of the appraisal report until (1) Defendants paid for a copy and (2) Defendants agreed to an indemnification that, despite a request by Defendants' counsel, Plaintiff's counsel never identified or further defined. A true and correct copy of counsel's e-mail to this effect are attached as Exhibit "B".

5.

On Wednesday, August 21, 2013, counsel for Plaintiff e-mailed counsel for Defendants, stating that Plaintiff was "requiring the payoff by Thursday of th[at] week"—that is, by the next day—and "[wa]sn't going to be extending [its] reply deadline" on the Motion for Appointment of Receiver filed by Plaintiff "for Friday," August 23, 2013. Plaintiff's actual deadline to reply in support of the Motion for Appointment of Receiver was August 30, 2013, not August 23. A true and correct copy of counsel's e-mail to this effect is attached hereto as Exhibit "C".

6.

Notwithstanding this unfounded demand by Plaintiff, on or about August 26, 2013, counsel for Plaintiff sent counsel for Defendants a second payoff letter setting forth the amounts Plaintiff claimed to be due and owing as of that date under the Credit Agreement sued upon and the related loan documents attached to the Verified Complaint, as follows:

| | |
|---|---|
| Principal: | $4,000,000 |
| Interest: | $164,123.87 |
| Appraisal: | $4,500.00 |
| | |
| Legal Fees and Costs: | |
| Roetzel & Andress, LPA: | $40,271.67 |
| Stites & Harbison, PLLC: | $18,759.00 |
| Arbitration Fee: | $8,200.00 |
| | |
| **TOTAL:** | **$4,235,854.54** |

That is, Plaintiff claimed that in the thirteen days between the effective date of the

first payoff letter and the second, more than $35,000 in debt had accrued on the loan, including $20,877.90 in attorneys' fees and legal costs. A true and correct copy of the second payoff letter is attached hereto as Exhibit "D".

7.

The arbitration fee that Plaintiff added into its second payoff letter—which was notably omitted from its first payoff letter—pertained to a separate action on a limited guaranty that Hon. Steve C. Jones ordered to be arbitrated. In Civil Action File No. 1:12-CV-4132-SCJ, Plaintiff sued Housing Systems, Incorporated on a limited Credit Guaranty Agreement that contained a mandatory arbitration clause. In light of that clause, Judge Jones ordered the case to arbitration, and Plaintiff was required to pay an $8,200.00 arbitration fee. That arbitration remains pending.

8.

As shown in more detail below, none of the loan documents sued upon in this case permit Plaintiff to recover from Defendants an arbitration fee related to an entirely distinct case on a separate agreement not implicated by this action.

9.

On August 22, 2013, four days before the second payoff letter was sent, counsel for Defendants e-mailed counsel for Plaintiff requesting "an itemized statement of the attorney fees [Plaintiff was] seeking in connection with the payoff of the Towne Pointe loan," attaching a case setting forth, under governing

Alabama law, the standards that a party must meet to recover reasonably incurred attorneys' fees and legal expenses pursuant to a contract provision allowing such recovery. Plaintiff's counsel <u>refused</u> to do so, agreeing only that Plaintiff would "provide a redacted billing statement once the debt has been satisfied." A true and correct copy of counsel's e-mail to this effect is attached hereto as <u>Exhibit "B"</u>.

10.

Notwithstanding Plaintiff's refusal to provide the statements on which its requests for attorneys' fees and legal expenses were based, on or about September 10, 2013, counsel for Plaintiff sent counsel for Defendants a third payoff letter setting forth the amounts Plaintiff claimed to be due and owing, as of September 11, 2013, under the Credit Agreement sued upon and the related loan documents attached to the Verified Complaint, as follows:

| | |
|---|---|
| Principal: | $4,000,000 |
| Interest: | $172,151.64 |
| Appraisal: | $4,500.00 |
| | |
| Legal Fees and Costs: | |
| Roetzel & Andress, LPA: | $51,940.94 |
| Stites & Harbison, PLLC: | $21,752.50 |
| Arbitration Fee: | $8,200.00 |
| | |
| **TOTAL:** | **$4,258,545.08** |

That is, Plaintiff claimed that in the sixteen days between the effective date of the second payoff letter and the third, more than $22,000 in debt had accrued on the loan, including <u>$14,662.77</u> in attorneys' fees and legal costs. Plaintiff further

claimed that, in approximately one month between the effective date of the first payoff letter and the third, nearly $58,000 in debt had accrued on the loan, including more than $35,000 in attorneys' fees and legal costs. A true and correct copy of the third payoff letter is attached hereto as <u>Exhibit "E"</u>.

11.

On September 10, 2013, Towne Pointe paid off, among other things, the entire amount sought in the third payoff letter by Plaintiff.

12.

The Credit Agreement sued upon in this action provides, in pertinent part:

> If [Towne Pointe] should default under any of the provisions of this Agreement and [Plaintiff] should employ attorneys or incur other expenses for the collection of any payments due hereunder or the enforcement or performance or observance of any agreement or covenant on the part of [Towne Pointe] herein contained, [Towne Pointe] will on demand therefor pay to [Plaintiff] the reasonable fees of such attorneys and such other reasonable expenses so incurred.

[Doc. 1-2 at 40, § 8.03].

13.

Neither the Irrevocable Letter of Credit sued upon [Doc. 1-1] nor the Deed to Secure Debt on the property [Doc. 1-3] contain provisions providing for a recovery by Plaintiff of any attorneys' fees or costs.

## COUNT ONE
### (Breach of Contract)

14.

Defendants incorporate by reference, as if stated and set forth in full herein, the allegations in Paragraphs 1 through 13 of this Counterclaim.

15.

In seeking an $8,200 arbitration fee for an arbitration wholly separate and apart from this action, a $4,500 appraisal fee, and $73,693.44 in attorneys' fees and legal costs, Plaintiff breached the Credit Agreement by seeking amounts other than "incur[red] . . . expenses for the collection of any payments due [t]hereunder or the enforcement or performance or observance of any agreement or covenant on the part of [Towne Pointe] [t]herein contained . . . ."

16.

Plaintiff demanded and received those amounts while refusing to provide Defendants with the full and complete factual background and support for its claims to those amounts, and Defendants did not have such knowledge when the payment requested in the third payoff letter was made.

17.

Plaintiff further demanded and received those amounts through economic or business compulsion and duress, including by, among other things, refusing to cancel the Deed to Secure Debt on the Towne Pointe apartment project until all

such amounts had been paid in full and by refusing to provide the full and complete factual background and support for its claims to those amounts unless and until Defendants executed an indemnification in favor of Plaintiff.

18.

By such wrongful conduct, Plaintiff deprived Defendants of the exercise of their free will to contest the amounts being claimed by Plaintiff as due and owing or to pay such amounts only under protest, while reserving all rights.

19.

Such coercion and duress was unjustified, extortive, and undertaken in bad faith and with the express purpose of forcing a payoff in excess of the amounts to which Plaintiff would be entitled under the Credit Agreement and related loan documents.

20.

Moreover, such coercion and duress would, if not acceded to, have caused Defendants a serious and significant business loss, as Plaintiff refused to cancel the Deed to Secure Debt for the Towne Pointe apartment project unless and until all amounts demanded in the third payoff letter had been paid in full.

21.

As a direct and proximate result of Plaintiff's bad-faith conduct and breach of the Credit Agreement, Defendants were damaged in an amount to be determined

at trial.

WHEREFORE, Defendants demand that this Court enter judgment in their favor and against Plaintiff on Count One of this Counterclaim, awarding Defendants damages as determined at a trial of these claims, but in no event any less than recoupment and recovery of all amounts paid to Plaintiff by Defendants in excess of the Credit Agreement and/or Alabama law, including, without limitation, the appraisal and arbitration fees demanded by Plaintiff, as well as all costs of pursuing this action, interest as allowed by law, and such other and further relief as this Court deems just and proper.

### <u>COUNT TWO</u>
**(Specific Performance)**

22.

Defendants incorporate by reference, as if stated and set forth in full herein, the allegations in Paragraphs 1 through 13 of this Counterclaim.

23.

Given that the debt claimed by Plaintiff has been satisfied, Defendants are entitled to have the originals of any and all loan documents given in favor of Plaintiff or its predecessor-in-interest, AmSouth Bank, by either or both Defendants marked "Satisfied" and returned to Defendants *instanter*.

24.

Defendants are further entitled to the execution of a Cancellation of Deed to

Secure Debt and Terminations of three UCC Financing Statements, all of which were sent via e-mail to Plaintiff's counsel by Defendants' counsel on August 22, 2013, but which have not been executed or delivered by Plaintiff.

WHEREFORE, Defendants demand that this Court enter judgment in their favor and against Plaintiff on Count Two of this Counterclaim, entering an order compelling Plaintiff to take the actions set forth in Paragraphs 23 and 24 of this Counterclaim *instanter*, as well as granting Defendants all costs of pursuing this action and such other and further relief as this Court deems just and proper.

Respectfully submitted, this the 10th day of October, 2013.

*/s/     David H. Flint*
DAVID H. FLINT
Georgia Bar No. 264600
ANDREW J. LAVOIE
Georgia Bar No. 108814

Attorneys for Defendants

Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone:  (404) 681-3450
Facsimile:  (404) 681-1046
E-mail:     *dflint@swfllp.com*
E-mail:     *alavoie@swfllp.com*
*K:\300\146\13-CV-2220\pleadings\supp answer.affirmative defenses.cclaim.doc*

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have, this day, electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system, as mandated by Northern District of Georgia Civil Local Rule 5.1(A) and as approved by Northern District of Georgia Standing Order No. 04-01, which will automatically send e-mail notification of such filing to all attorneys of record.

This the 10th day of October, 2013.

/s/    *Andrew J. Lavoie*
Andrew J. Lavoie
Georgia Bar No. 108814

Attorney for Defendants

Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone:  (404) 681-3450
Facsimile:   (404) 681-1046
E-mail:      *alavoie@swfllp.com*